IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AYODELE OKE,                          )
                                      )
            Plaintiff                 )      Case No. 1:18-cv-00323 (Erie)
                                      )
vs.                                   )
                                      )
                                      )      RICHARD A. LANZILLO
                                      )      UNITED STATES MAGISTRATE JUDGE
MICHELE CROWUTHER,                    )
                                      )
            Defendant                 )
                                      )      OPINION AND ORDER ON
                                      )      DEFENDANTS' MOTION TO COMPEL
                                      )      [ECF No. 24]
                                      )

OPINION

Ayodele Oke, a prisoner in the custody of the Pennsylvania Department of Corrections

("DOC"), filed the underlying *pro se* action on October 26, 2018. ECF No. 3. Presently pending

before the Court is Plaintiff's motion to compel discovery based upon alleged deficiencies in

Defendant's responses to his interrogatories and requests for production of documents. ECF No.

24. For the reasons discussed below, the motion will be GRANTED IN PART and DENIED IN

PART.

I.     Legal Standard

In general, the scope and limits of discovery are governed by Rule 26 of the Federal

Rules of Civil Procedure. Specifically, Fed. R. Civ. P. 26 (b) (1) defines the scope of discovery

as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any
> party's claim or defense and proportional to the needs of the case, considering the
> importance of the issues at stake in the action, the amount in controversy, the parties'
> relative access to relevant information, the parties' resources, the importance of the
> discovery in resolving the issues, and whether the burden or expense of the proposed

1

discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26 (b)(1). Evidence is "relevant 'if it has any tendency to make a fact more or less probable that it would be without the evidence' and 'the fact is of consequence in determining the action.'" *Allen v. Eckard,* 2019 WL 1099001, at *2 (M.D. Pa. March 3, 2019) (citing *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 2016 WL 3519618, at *3 (E.D. Pa. June 28, 2016)). Although relevance in discovery is broader than for evidentiary purposes, it is not without its limits. *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.*, 144 F.R.D. 258, 265 (E.D. Pa. 1992). "In ascertaining which materials are discoverable and which are not, a district court must further distinguish between requests that 'appear reasonably calculated to lead to the discovery of admissible evidence, and demands that are 'overly broad and unduly burdensome.'"[1] *Westfield Insurance Co. v. Icon Legacy Custom Modular Homes*, 321 F.R.D. 107, 111 (E.D. Pa. 2017) (citing *Miller v. Hygrade Food Products Corp.*, 89 F. Supp. 2d 643, 657 (E.D. Pa. 2000)); *See also Bell v. Lockheed Martin Corp.*, 270 F.R.D. 186, 191 (D.N.J. 2010).

Federal Rule of Civil Procedure 37 allows a party who receives evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Trask v. Olin Corp.*, 298 F.R.D. 244, 263 (W.D. Pa. 2014) (citing *Bracey v. Harlow*, 2012 WL 4857790, *2 (W.D. Pa. Oct. 12, 2012)). Once that burden is met, "the party resisting

---

[1] Determining the proper scope of discovery, "and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment." *Casrtagena v. Service Source, Inc.*, 328 F.R.D. 139, 142 (M.D. Pa. 2018); *See also Marroquin-Manriquez v. I.N.S.,* 699 F.2d 129, 134 (3d Cir. 1983). "This far reaching discretion extends to rulings by United Stated Magistrate Judges on discovery matters. So, District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes." *Id.* (citing *Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572 585 (D.N.J. 1997)). The Court's decision regarding the conduct of discovery, including whether to compel disclosure, will be disturbed only if a magistrate judge has abused his discretion. *See Marroquin-Manriquez*, 699 F.2d at 134.

the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.*

II.     Plaintiff's Claims

The relevance of each of the discovery requests at issue must be assessed in the context of Plaintiff's claims and the issues of the case. Plaintiff's complaint asserts one count pursuant to 42 U.S.C. § 1983 for retaliation in violation of the First Amendment. *See generally* ECF No. 3. Plaintiff alleges that he was caught passing a pepper and an onion to Inmate Robinson on October 17, 2016. *Id.* at 3. The misconduct was referred to Defendant Crowuther for informal resolution, due to the pettiness of the offense. *Id.* During the informal resolution, Plaintiff asserted a procedural defense; specifically, that Defendant Crowuther failed to commence the proceeding within "seven working days" of the offense, and was thus barred by a Seven Day Rule from prosecuting the misconduct. *Id.* at 3-4. Defendant Crowuther explained that, due to a prison lockdown, the Seven Day Rule was tolled. *Id.* at 4. The argument escalated, and the matter was then referred by Defendant Crowuther to a Hearing Examiner for a formal hearing, which involves harsher sanctions than informal hearings. *Id.* at 5.

III.     Discussion

Plaintiff's motion seeks the discovery of information which can be arranged by category: information regarding other inmates, information regarding misconduct proceedings, and his own complete prison records. *See Generally* ECF No. 24. Defendants have objected to numerous requests for production of documents and interrogatories. Plaintiff now seeks an order

3

compelling discovery of these matters.  The disputes are highlighted below, as are the Court's rulings.

A.  Documents Related to Inmates Giddens and Robinson

In Interrogatories Nos. 5, 6, 12, and 14, as well as First Request for Production No. 2, Second Request for Production Nos. 4 and 6, and Third Request for Production Nos. 2, 3, and 5, Plaintiff asks for information pertaining to inmates Giddens and Robinson.  Plaintiff asserts that this information is needed to show that: (1) inmate Giddens had a misconduct charge dismissed due to the DOC's noncompliance with the 7-Day Rule, and (2) inmate Robinson received a less harsh sanction for substantially the same misconduct involving the pepper and onion.

DOC policy prohibits inmates from receiving information about another inmate. *See, e.g., Sloan v. Murrary*, 2013 WL 5551162 at *4 (M.D. Pa. Oct 8, 2013) (denying motion to compel grievance responses that concerned other inmates, citing DOC policy prohibiting inmates from receiving information about one another); *Torres v. Harris*, 2019 WL 265804, at *1 (M.D. Pa. Jan 18, 2019).  Here, the Court finds that Plaintiff's request for the discovery of other inmates' information implicates important privacy interests.  More importantly, the relevance of the information, and its potential for leading to admissible evidence, is minimal.  Any possible relevance of this information is substantially outweighed by privacy and confidentiality interests. Finally, the Court holds that the request is not proportionate to the needs and issues of this case. Accordingly, the objection is sustained, and the Motion is DENIED as to these Interrogatories and Requests for Production.

B.  Interrogatory Eight

In Interrogatory Eight, Plaintiff asked Defendant if she had ever held informal misconduct hearings during a lockdown, and if so, what were the dates and misconduct numbers.

4

Defendant responded that she "cannot recall." The Court finds this response to be insufficient. *See Hansel v. Shell Oil Corp.*, 169 F.R.D. 303 (E.D. Pa. 1996) (holding that if a party is unable to answer an interrogatory, the party may not simply refuse to answer, but instead must set forth the efforts made to obtain the information). Here, Defendant merely stated that she did not recall, but provided no information relating to the efforts she made to obtain the information. Thus, it is inadequate, and the Motion is GRANTED as to Interrogatory Eight.

C. Interrogatory Ten

In Interrogatory Ten, Plaintiff asked Defendant to identify the individual responsible for supervising staff to ensure that the policies and procedures for misconduct hearings were followed and maintained. Defendant responded "[v]arious supervisory staff." The Court finds this response to be insufficient. *See Jones-McNamara v. Holzer Health Sys.*, 2014 WL 3563406, at *1 (S.D. Ohio July 18, 2014) ("Interrogatory answers must be responsive, full, complete and unevasive.") (internal citation omitted). Here, Defendant's answer is circular and evasive. Plaintiff has stated that he needs the actual names of the supervisory staff so that he can subpoena them and ask for additional information regarding the misconduct procedures. Thus, Defendant's answer is inadequate, and the Motion is GRANTED as to Interrogatory Ten.

D. Records Related to the Procedure for Misconduct Hearings

Plaintiff asked for any and all records and documents relating to the DOC's "policies, procedures, rules, and regulations regarding/pertaining to formal and informal misconduct hearings." Defendants directed Plaintiff to DC-ADM 801, which addresses formal and informal misconduct hearings. The Court finds that this response is sufficient given the general scope and wide breadth of documents sought by the Request. Thus, the Motion is DENIED as to this Request for Production.

E. Plaintiff's Complete Prison Records

Plaintiff asked Defendant to produce his "Complete Prison Records." Defendant objected on the ground that this request is overbroad, unduly burdensome, vague, and largely irrelevant[.]" The Court agrees that the requests are overly broad, lack relevancy and are not proportionate to the needs and issues of the case. Plaintiff's request for these files is not limited to any specific timeframe but instead seeks the files in their entirety—from the date of his incarceration to the day he sought discovery. It does not appear that these documents contain any information relevant to the claims and defenses of this case. Therefore, the motion to compel is DENIED WITHOUT PREJUDICE as to this Request for Production. Plaintiff may narrowly tailor and re-assert this Request for Production to seek only those portions of his "prison records" that are specifically relevant to the claims and defenses in this case.

IV. Conclusion

In accordance with the forgoing, Plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART as set forth above.

Dated: July 25, 2019

RICHARD A. LANZILLO
Unites States Magistrate Judge