IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AYODELE OKE, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:18-cv-00323 (Erie) |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | RICHARD A. LANZILLO |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| MICHELE CROWUTHER, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | ORDER ON PLAINTIFF'S |
| | ) | MOTION TO COMPEL |
| | ) | [ECF No. 37] |
| | ) | |

ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL

Ayodele Oke, a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), filed the underlying *pro se* action on October 26, 2016. ECF No. 3. Presently pending before the Court is Plaintiff's second motion to compel discovery based upon alleged deficiencies in Defendant's responses to his interrogatories. ECF No. 37.

By way of background, this Court previously granted in part Plaintiff's first motion to compel [ECF 24] and Ordered [ECF 30] Defendant Michele Crowuther to properly respond to Interrogatory Eight of Plaintiff's First Set of Interrogatories. Plaintiff now takes issue with the response served by Defendant pursuant to this Court's Order, as well as her response to Interrogatory One of his Fourth Set of Interrogatories. For the reasons discussed below, Plaintiff's motion will be GRANTED.

I. Legal Standard

1

In general, the scope and limits of discovery are governed by Rule 26 of the Federal Rules of Civil Procedure. Specifically, Fed. R. Civ. P. 26 (b) (1) defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26 (b)(1). Evidence is "relevant 'if it has any tendency to make a fact more or less probable that it would be without the evidence' and 'the fact is of consequence in determining the action.'" *Allen v. Eckard,* 2019 WL 1099001, at *2 (M.D. Pa. March 3, 2019) (citing *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 2016 WL 3519618, at *3 (E.D. Pa. June 28, 2016). Although relevance in discovery is broader than for evidentiary purposes, it is not without its limits. *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.*, 144 F.R.D. 258, 265 (E.D. Pa. 1992). "In ascertaining which materials are discoverable and which are not, a district court must further distinguish between requests that 'appear reasonably calculated to lead to the discovery of admissible evidence, and demands that are 'overly broad and unduly burdensome.'"[1] *Westfield Insurance Co. v. Icon Legacy Custom Modular Homes*, 321 F.R.D. 107, 111 (E.D. Pa. 2017) (citing *Miller v. Hygrade Food Products*

---

[1] Determining the proper scope of discovery, "and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment." *Casrtagena v. Service Source, Inc.*, 328 F.R.D. 139, 142 (M.D. Pa. 2018); *See also Marroquin-Manriquez v. I.N.S.,* 699 F.2d 129, 134 (3d Cir. 1983). "This far reaching discretion extends to rulings by United Stated Magistrate Judges on discovery matters. So, District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes." *Id.* (citing *Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572 585 (D.N.J. 1997). The Court's decision regarding the conduct of discovery, including whether to compel disclosure, will be disturbed only if a magistrate judge has abused his discretion. *See Marroquin-Manriquez,* 699 F.2d at 134.

*Corp.*, 89 F. Supp. 2d 643, 657 (E.D. Pa. 2000); *See also Bell v. Lockheed Martin Corp.*, 270 F.R.D. 186, 191 (D.N.J. 2010).

Federal Rule of Civil Procedure 37 allows a party who receives evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Trask v. Olin Corp.*, 298 F.R.D. 244, 263 (W.D. Pa. 2014) (citing *Bracey v. Harlow*, 2012 WL 4857790, *2 (W.D. Pa. Oct. 12, 2012). Once that burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.*

II. Plaintiff's Claims

The relevance of each of the discovery requests at issue must be assessed in the context of Plaintiff's claims and the issues of the case. Plaintiff's complaint asserts one count pursuant to section 1983 for retaliation in violation of the First Amendment. *See generally* ECF No. 3. Plaintiff alleges that he was caught passing a pepper and an onion to Inmate Robinson on October 17, 2016. *Id*. at 3. The misconduct was referred to Defendant Crowuther for informal resolution, due to the pettiness of the offense. *Id*. During the informal resolution, Plaintiff asserted a procedural defense; specifically, that Defendant Crowuther failed to commence the proceeding within "seven working days" of the offense, and was thus barred by a "Seven Day Rule" from prosecuting the misconduct. *Id*. at 3-4. Defendant Crowuther explained that, due to a prison lockdown, the Seven Day Rule was tolled. *Id*. at 4. The argument escalated, and the

3

matter was then referred by Defendant Crowuther to a Hearing Examiner for a formal hearing, which involves harsher sanctions than informal hearings. *Id*. at 5.

III. Discussion

Plaintiff's current motion seeks to compel proper responses to this Court's Order dated July 25, 2019 [ECF 30] and Number One of his Fourth Set of Interrogatories. *See Generally* ECF No. 37.

A. <u>This Court's Order Dated July 25, 2019</u>

In Interrogatory Eight of his First Set of Interrogatories, Plaintiff asked Defendant if she had ever held informal misconduct hearings during a lockdown, and if so, what were the dates and misconduct numbers. Defendant responded that she "cannot recall." The Court found this response to be insufficient because Defendant merely stated that she did not recall, but provided no information relating to the efforts she made to ascertain the requested information. *See Hansel v. Shell Oil Corp.*, 169 F.R.D. 303 (E.D. Pa. 1996) (holding that if a party is unable to answer an interrogatory, the party must set forth the efforts made to obtain the information).

Defendant has now responded more fully, but her response suffers from the same defect:

> "A lockdown places the institution under a limited emergency state. Staff are not permitted to return to their assigned areas to conduct daily duties until institutional needs have been met. During a lockdown, staff are utilized to maintain the orderly operation of the Institution and thus (sic) not available to conduct daily duties. For these reasons, I cannot recall if I have ever held misconduct hearing during a lockdown."

This response again fails to provide information relating to the efforts made by Defendant to obtain the information. For example, Defendant has not disclosed whether she is in possession, custody, or control of any records or logs from which she can refresh her recollection or ascertain the requested information  If such records exist, Defendant is directed to cross-

reference the dates of these informal misconduct hearings with the periods of time during which the institution was "locked down," and notify Plaintiff of the results.

### B. Interrogatory One of Plaintiff's Fourth Set of Interrogatories

In Interrogatory One, Plaintiff asked Defendant, "was any additional evidence or information presented by the defendant Michelle Crowther at the Plaintiff Ayodele Oke's informal hearing for misconduct #B791177 on October 17, 2016? And if additional evidence or information was presented, then what was it?" Defendant responded "Yes. I explained to Plaintiff that weekends, holidays, and lockdown days do not count towards the seven working days to schedule a misconduct hearing."

The Court finds this response to be insufficient because it is not directly responsive to Plaintiff's question. *See Jones-McNamara v. Holzer Health Sys.*, 2014 WL 3563406, at *1 (S.D. Ohio July 18, 2014) ("Interrogatory answers must be responsive, full, complete and unevasive.") (internal citation omitted). Instead of detailing what "evidence or information" related to the merits of the misconduct charge was provided at the informal hearing, Defendant merely reiterated her interpretation of the procedural posture of that hearing. Thus, Defendant's answer is inadequate, and the Motion is GRANTED as to Interrogatory One.

IV. Conclusion

In accordance with the forgoing, Plaintiff's second motion to compel is GRANTED.

Dated: September 14, 2019

                                            RICHARD A. LANZILLO
                                            United States Magistrate Judge